BRAYTON POINT ENERGY, LLC vs. BOARD OF ASSESSORS OF SOMERSET, 101 Mass. App. Ct. 466

 
 BRAYTON POINT ENERGY, LLC vs. BOARD OF ASSESSORS OF SOMERSET.

101 Mass. App. Ct. 466
 May 2, 2022 - July 29, 2022

Court Below: Appellate Tax Board
Present: Vuono, Sullivan, & Lemire, JJ.

 

No. 21-P-967.

Taxation, Abatement, Corporate excise, Corporation, Excise, Exemption, Related corporations. Practice, Civil, Abatement. Statute, Construction. Words, "Disregarded entity."

The Appellate Tax Board properly determined that a disregarded entity (i.e., one not separate from its owner for purposes of paying Federal income tax and Massachusetts corporate excise tax) challenging the denial by a town's board of assessors of its application for a tax abatement, pursuant to G. L. c. 59, § 5, Sixteenth (2) (clause 16 [2]), was not a business corporation subject to excise tax under G. L. c. 63, § 39, and thus did not qualify for the local property tax exemption provided by clause 16 (2), where the legislative history and statutory scheme demonstrated a legislative intent to exclude disregarded entities from the exemption. [468-472]

Appeal from a decision of the Appellate Tax Board.

 Daniel J. Finnegan for the taxpayer.

 David L. Klebanoff for board of assessors of Somerset.

 SULLIVAN, J. This appeal from a decision of the Appellate Tax Board (board) presents the question whether "disregarded entities" -- entities that are not classified as separate from their owners for purposes of paying Massachusetts corporate excise taxes -- are nonetheless business corporations subject to the excise tax under G. L. c. 63, § 39. If disregarded entities are business corporations subject to the State excise tax, then the taxpayer, Brayton Point Energy, LLC (Brayton Point), qualified for an exemption in G. L. c. 59, § 5, Sixteenth (2) (clause 16 [2]), for purposes of paying local property taxes on coal and fuel oil that it owned. If disregarded entities are not business corporations subject to the excise tax, then Brayton Point did not qualify for the exemption, and was obligated to pay the local property tax. The board concluded that Brayton Point did not qualify for the exemption. We affirm the board's decision.

 Page 467 

 Background. Brayton Point was a Virginia limited liability company whose sole member was Dynegy Resource III, LLC (Dynegy Resource). As Brayton Point's sole member, Dynegy Resource was also Brayton Point's owner. Brayton Point owned coal and fuel oil situated in the town of Somerset (town) that was used in connection with the generation of electricity at a power plant.

 For the Massachusetts corporate excise tax year ending December 31, 2016, Brayton Point, either by itself or through Dynegy Resource, elected to be classified as a disregarded entity, meaning that it was not classified as separate from its owner for purposes of paying Federal income taxes and, thus, Massachusetts corporate excise taxes. See G. L. c. 63, § 30 (2) (defining "[d]isregarded entity" for purposes of Massachusetts corporate excise tax statute as one "that is disregarded as a separate entity from its owner for federal income tax purposes"; "all income, assets, and activities of the entity shall be considered to be those of the owner"). In practice, Brayton Point's coal and fuel oil were reported on a combined excise tax return that included schedules for numerous affiliated entities; while the combined excise tax return did not include any schedules for Brayton Point itself, Brayton Point's coal and fuel oil were reported on a schedule for Dynegy Resource. All the tangible property reported on Dynegy Resource's schedule, including Brayton Point's coal and fuel oil, resulted in an excise tax liability in the amount of $200,309.

 For fiscal year 2018, which had a valuation date of January 1, 2017, the town issued a local property tax bill to Brayton Point. [Note 1] The tax bill stated that the value of Brayton Point's personal property was $89 million, which included $55,699,775 for the coal and fuel oil. The town assessed tax on Brayton Point's personal property at the rate of $28.76 per $1,000. Brayton Point asserts that approximately $1,601,925 of the tax bill was attributable to the coal and fuel oil. [Note 2]

 Brayton Point filed an application for a tax abatement, which the town's board of assessors (assessors) denied. Brayton Point 

 Page 468 

timely appealed to the board on the basis that the subject property -- Brayton Point's coal and fuel oil -- was reported on the combined excise tax return and therefore should have been exempt from local property taxation. The board issued a decision in favor of the assessors. Brayton Point then appealed to this court.

 Discussion. Before addressing the dispositive question -- whether disregarded entities are business corporations subject to the excise tax under G. L. c. 63, § 39, and qualify for the local property tax exemption in clause 16 (2) -- we first address the general interplay between Massachusetts corporate excise taxes and local property taxes. "General Laws c. 59, § 2, subjects all real and personal property situated within the Commonwealth to local taxation, unless such property is specifically exempt." Veolia Energy Boston, Inc. v. Assessors of Boston, 483 Mass. 108, 113 (2019). Tangible property that is exempt from local property taxation "is included in the measure of the excise tax imposed on the corporation under G. L. c. 63," and thus is indirectly taxed. Veolia Energy Boston, Inc., supra. See G. L. c. 63, § 30 (7) (value of tangible property subject to excise tax is "book value of [a corporation's] tangible property situated in the [C]ommonwealth on the last day of the taxable year as is not subject to local taxation" [emphasis added]). These statutes, read together, prevent double taxation and determine "which governmental unit may impose a tax upon, or measured by, particular property" (citation omitted). Veolia Energy Boston, Inc., supra at 114. There may be significant tax savings, however, if the subject property is exempt from local property taxation and, instead, is included in the measure of the excise tax imposed. Such was the case here.

 The local property tax exemption at issue in this appeal, clause 16 (2), provides an exemption for certain property of "a business corporation subject to [the excise] tax under [G. L. c. 63, § 39]." [Note 3] G. L. c. 59, § 5, Sixteenth (2). The board concluded that Brayton 

 Page 469 

Point did not qualify for the exemption because Brayton Point was disregarded for purposes of paying Massachusetts corporate excise taxes. Brayton Point argues that its status as a disregarded entity should have had no effect on whether it qualified for the exemption, and that regardless of how it was classified for purposes of paying Massachusetts corporate excise taxes, the fact remains that its coal and fuel oil were "included on the combined [excise tax] return and assessed a tax that was paid."

 "We interpret a statute according to the intent of the Legislature, which we ascertain from all the statute's words, construed by the ordinary and approved usage of the language" (quotation and citation omitted). Ciani v. MacGrath, 481 Mass. 174, 178 (2019). "Ordinarily, where the language of a statute is plain and unambiguous, it is conclusive as to legislative intent" (citation omitted). Id. However, "[w]here the language is not conclusive, we may turn to extrinsic sources, including the legislative history and other statutes, for assistance in our interpretation" (quotation and citation omitted). Id.

 To qualify for the exemption, a "business corporation" must be "subject to [the excise] tax under [G. L. c. 63, § 39]." G. L. c. 59, § 5, Sixteenth (2). Where disregarded entities are concerned, this language is ambiguous since the tangible property of a disregarded entity is included in the measure of the excise tax imposed, but only through the disregarded entity's owner and not through the disregarded entity itself. Based on the language of clause 16 (2) alone, it is unclear whether the Legislature considered this sort of pass-through taxation sufficient for purposes of the exemption. Accordingly, we look to the legislative history and related statutes, from which we conclude that the Legislature did not intend the exemption to extend to this disregarded entity.

 Prior to 2008, the exemption applied to certain property of a "domestic business corporation or . . . a foreign corporation, both as defined in [G. L. c. 63, § 30]." G. L. c. 59, § 5, Sixteenth (2), as appearing in St. 1979, c. 777, § 1. In turn, "[d]omestic corporation[]" and "[f]oreign corporation" were defined to include only those limited liability companies that (1) had more than one member and were not classified as partnerships for Federal income tax purposes or (2) had only one member and elected to be classified as separate from their member for Federal income tax 

 Page 470 

purposes. See G. L. c. 63, § 30 (1), (2), as amended through St. 2005, c. 163, §§ 19-22. In other words, a single-member, limited liability company such as Brayton Point that elected to be disregarded (i.e., not classified as separate from its member) did not qualify for the exemption because disregarded entities were not domestic or foreign corporations.

 In 2008, the above language was amended by "An Act relative to tax fairness and business competitiveness" (act). See St. 2008, c. 173. The act was part of a major corporate tax reform that was intended to "close corporate tax loopholes." Governor's Message, House Doc. No. 4814. See State House News Service (Senate Sess.), July 1, 2008 (statement of Sen. Harriette L. Chandler). "[T]he [a]ct institute[d] unitary combined reporting for multi-state corporations and also adopt[ed] business entity classification rules that broadly conform[ed] to the federal . . . rules[,] [thereby] requiring companies to be classified as the same type of entity for state and federal tax purposes." Department of Revenue, Technical Information Release 08-11 (Aug. 15, 2008). [Note 4]

 As pertinent here, the act eliminated the distinction between domestic and foreign corporations, as well as their corresponding definitions in G. L. c. 63, § 30 (1), (2), as amended through St. 2005, c. 163, §§ 19-22, and inserted the following definition of "[b]usiness corporation": "any corporation, or any 'other entity' as defined in [G. L. c. 156D, § 1.40], . . . that is classified for the taxable year as a corporation for federal income tax purposes." St. 2008, c. 173, § 38. Despite these changes, the treatment of disregarded entities has remained the same. Under the definition of "[b]usiness corporation," disregarded entities are not business corporations, as disregarded entities are not classified as corporations for Federal income tax purposes. See 26 C.F.R. 301.7701-3(a) (2001) (for Federal income tax purposes, limited liability company may elect to be classified as either corporation, partnership, or disregarded entity, depending on number of members).

 Viewed in the context of the above legislative history and statutory scheme, we conclude that disregarded entities are not "business corporation[s] subject to [the excise] tax under [G. L. c. 63, § 39,]" and do not qualify for the exemption in clause 16 (2). 

 Page 471 

Both before and after the 2008 corporate tax reform, eligibility for the exemption has been determined by reference to G. L. c. 63. Before the reform, domestic and foreign corporations, as defined in G. L. c. 63, § 30, qualified for the exemption, and those terms were defined to exclude disregarded entities. After the reform, business corporations subject to the excise tax under G. L. c. 63, § 39, qualified for the exemption, and that term again was defined to exclude disregarded entities. Moreover, given that clause 16 (2) was amended as part of a reform intended to close corporate tax loopholes, interpreting the amended language in clause 16 (2) as expanding the exemption to include disregarded entities lacks support in the legislative history and would be contrary to the legislative intent. [Note 5]

 Our interpretation of clause 16 (2) is buttressed by a later amendment to a different local property tax exemption, G. L. c. 59, § 5, Sixteenth (3) (clause 16 [3]). Around the time of the 2008 corporate tax reform, clause 16 (3) provided a local property tax exemption for certain property of manufacturing corporations and research and development corporations. See G. L. c. 59, § 5, Sixteenth (3), as amended through St. 2008, c. 173, § 3. At that time, the exemption in clause 16 (3), like clause 16 (2), made no mention of disregarded entities. Then, in 2010 the Legislature enacted "An Act relative to economic development reorganization," see St. 2010, c. 240, which created a local-option exemption for certain disregarded entities that engaged in manufacturing and research and development. See Department of Revenue, Technical Information Release 10-15 (Nov. 12, 2010). This subsequently enacted, narrow expansion shows that the Legislature did not intend all disregarded entities to benefit from the local property tax exemptions in clause 16 (2) and (3).

 Lastly, our interpretation is consistent with the longstanding guidance of the Department of Revenue. A bulletin issued by the 

 Page 472 

Department of Revenue states that, as a general rule, "[a] disregarded [limited liability company] does not qualify for [local] personal property tax exemptions afforded corporations" and "is taxed on all of its personal property," but that by local option the exemption in clause 16 (3) extends to "property owned by a disregarded [limited liability company] that is wholly owned by [a] classified manufacturing or classified [research and development] corporation." Bulletin 2013-06B. See Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 227 (2011), S.C., 466 Mass. 156 (2013) ("bulletins are not binding but nevertheless useful in our effort to interpret ambiguous statutory provisions relevant to the agency's area of expertise" [quotation and citation omitted]).

 We conclude that Brayton Point, which was disregarded for purposes of paying Massachusetts corporate excise taxes, was not a business corporation subject to the excise tax under G. L. c. 63, § 39, and did not qualify for the local property tax exemption in clause 16 (2). [Note 6]

Decision of the Appellate Tax Board affirmed.

FOOTNOTES
[Note 1] Neither party disputes that we should look to the Massachusetts corporate excise tax year ending December 31, 2016, in determining whether Brayton Point qualified for the exemption in clause 16 (2) for purposes of paying its fiscal year 2018 local property taxes. 

[Note 2] This sum was calculated by multiplying the value of the coal and fuel oil ($55,699,775) by the tax rate of $28.76 per $1,000. There is no dispute that the Massachusetts corporate excise taxes due from Brayton's coal and fuel oil were considerably less than the local property taxes due on the same property. 

[Note 3] In its entirety, G. L. c. 59, § 5, Sixteenth (2), provides an exemption for the following property: 

"In the case of a business corporation subject to tax under [G. L. c. 63, § 39,] that is not a manufacturing corporation or a telephone corporation subject to chapter 166, all property owned by the corporation other than the following: -- real estate, poles, underground conduits, wires and pipes, and machinery used in the conduct of the business, which term, as used in this clause, shall not be considered to include stock in trade or any personal property directly used in connection with dry cleaning or laundering processes or in the refrigeration of goods or in the air-conditioning of premises or in any purchasing, selling, accounting[,] or administrative function."

[Note 4] Regardless of how companies are classified for purposes of paying Federal income taxes and Massachusetts corporate excise taxes, and whether a limited liability company is disregarded for those purposes, local property taxes are generally assessed to the owner of the subject property. See G. L. c. 59, §§ 11, 18. 

[Note 5] The assessors argue that regardless of whether Brayton Point was a disregarded entity, it was not a business corporation because it was a limited liability company. We decline to reach that question and specifically do not address whether limited liability companies may never qualify for the exemption in clause 16 (2). Our decision today rests, instead, on the fact that Brayton Point was a disregarded entity. Nonetheless, we note that the cases on which the town relies, Matter of the Valuation of MCI WorldCom Network Servs., Inc., 454 Mass. 635 (2009), and RCN-BecoCom, LLC v. Commissioner of Revenue, 443 Mass. 198 (2005), both involved different local property tax exemptions and different statutory language, and did not address the nuances of how "[b]usiness corporation" is defined in G. L. c. 63, § 30 (1). 

[Note 6] We are not persuaded by Brayton Point's argument that our conclusion results in improper double taxation. As discussed, supra at 468, there is no double taxation as the value of tangible property subject to excise tax is "the book value of [a corporation's] tangible property situated in the [C]ommonwealth on the last day of the taxable year as is not subject to local taxation" (emphasis added). G. L. c. 63, § 30 (7). While it is true, as also discussed, that Brayton Point's coal and fuel were reported on the combined excise tax return and that those taxes have already been paid, what relief may be available on the Massachusetts corporate excise taxes is not an issue that is before us in this appeal. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.